IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| FRANKLIN WARD<br>2602 172 WILLIAMS, APT. A<br>NORWALK, OH 44857 | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | COMPLAINT |
| | ) | (Jury Demand Endorsed Hereon) |
| -vs- | )<br>) | |
| CORRECTIONS OFFICER SHAY ATKINSON<br>In his official and individual capacities<br>LORAIN COUNTY SHERIFF<br>9896 MURRAY RIDGE ROAD<br>ELYRIA, OHIO 44035 | )<br>)<br>)<br>)<br>)<br>) | |
| And | )<br>) | |
| LORAIN COUNTY SHERIFF'S DEPT.<br>9896 MURRAY RIDGE ROAD<br>ELYRIA, OHIO 44035 | )<br>)<br>) | |
| And | )<br>) | |
| LORAIN COUNTY JAIL<br>9896 MURRAY RIDGE RD.<br>ELYRIA, OH 44035 | )<br>)<br>) | |
| And | )<br>) | |
| JOHN/JANE DOE CORRECTIONS OFFICERS #1-10<br>LORAIN COUNTY JAIL<br>9896 MURRAY RIDGE ROAD<br>ELYRIA, OHIO 44035 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

Plaintiff, Franklin Ward, for his Complaint against Defendants Correction Officer Shay Atkinson, the Lorain County Sheriff's Department, the Lorain County Jail, and John/Jane Doe Corrections Officers states as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this civil rights lawsuit pursuant to 42 U.S.C. § 1983 to redress the deprivation, by the Defendants under color of state law, of the rights, privileges, and immunities secured to him under the Fourth and Fourteenth Amendments to the United States Constitution.

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising out of the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.  This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Ohio state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court for the Northern District of Ohio pursuant to § 1391 and § 1392, because of the events or omissions giving rise to Plaintiff's claims occurred in Lorain County, Ohio, and all of the parties reside in this federal district.

## PARTIES

4. Plaintiff, Franklin Ward, at all times described in the Complaint, was a citizen of the United States and a resident of Lorain County, Ohio. Plaintiff is currently a resident of Huron County, Ohio.

5. At all times, and in his actions described herein Defendant, Shay Atkinson, (hereinafter "Defendant Atkinson") was a Corrections Officer employed by the Lorain County Sheriff's Department, a municipality organized and existing pursuant to the laws of the State of Ohio.

6. At all times herein, and in all his actions described herein, Defendant Atkinson was acting under the color of law, including the customs, usages, policies, and practices established by the Lorain County Sheriff's Department, and in his capacity pursuant to his authority as a Corrections Officer for the Lorain County Sheriff's Department and the Lorain County Jail.

7. Defendant Atkinson is also sued individually.

8. At all times, and in his actions described herein, Defendants John/Jane Doe were Corrections Officers employed by the Lorain County Sheriff's Department and the Lorain County Jail, a municipality organized and existing pursuant to the laws of the State of Ohio.

9. At all times herein, and in all his actions described herein, Defendants John/Jane Does were acting under the color of law, including the customs, usages, policies, and practices established by the Lorain County Sheriff's Department, and in their capacity pursuant to their authority as a Corrections Officers for the Lorain County Sheriff's Department and the Lorain County Jail.

10. Defendants John/Jane Doe are also sued individually.

11. Defendant Lorain County Sheriff's Department (herein "LCSD") establishes the practices, customs, usages, and policies to be used by its deputies, corrections, and other personnel.

12. Defendant Lorain County Jail is a local jail facility operated by the Lorain County Sheriff's Department and used to maintain in custody persons awaiting trial in the various municipalities of Lorain County. Defendant Lorain County Jail is also used for the serving of local jail sentences.

13. Each and every act and omission of each Defendant alleged herein occurred in the County of Lorain and State of Ohio.

## FACTS COMMON TO ALL COUNTS

21. On or about December 1, 2022, Plaintiff Franklin Ward was booked into the Lorain County Jail after being arrested on suspicion of Possession of Drugs.

22. After initial processing, Plaintiff Ward was placed in holding for observation and to await his assignment within the Lorain County Jail.

23. Plaintiff Ward was given an ID bracelet pursuant to Lorain County jail policy.

24. After a period of time, Defendant Atkinson approached Plaintiff Ward and informed him of his transfer out of holding and his assignment to another area of the Lorain County Jail.

25. Plaintiff Ward attempted to comply with this request, but dropped his ID bracelet.

26. As Plaintiff Ward reached to retrieve the ID bracelet, Defendant Atkinson struck Plaintiff multiple times about his head and body with no warning or justification. Defendant Atkinson then placed Plaintiff Ward in a choke hold where he lost consciousness.

27. As Plaintiff Ward regained consciousness, Defendant John/Jane Doe Corrections Officers had appeared in the cell and also assaulted Plaintiff Ward about his head, arms, and upper torso.

28. Plaintiff Ward was handcuffed and placed in a restraint chair

29. Plaintiff Ward had a seizure due to the physical assault he just suffered at the hands of Defendant Atkinson and John/Jane Doe Corrections Officers.

30. Plaintiff Ward was transported to Elyria Memorial Hospital via ambulance where he received treatment for his injuries. Plaintiff Ward remained under care at the Elyria Memorial Hospital until on or about December 12, 2023 - for a total of eleven days.

31. Upon his return to the Lorain County Jail, Plaintiff Ward was placed in isolation for 60 days.

32. During this time, Plaintiff Ward had little to no communications with his attorney, friends or family due to his being placed in isolation. There is no known infraction that would have warranted this punishment.

33. Likely, Plaintiff Ward was placed in isolation with limited communication in some poorly thought out cover-up of the December 1, 2022, assault.

34. Plaintiff Ward's criminal matter was eventually resolved and he was released from the Lorain County Jail.

35. Plaintiff Ward has incurred significant damages including long lasting physical and/or permanent psychological damage as a result of his treatment following his unlawful assault and incarceration at the Lorain County Jail.

### FIRST CAUSE OF ACTION - ASSAULT AND BATTERY

36. Plaintiff restates and reavers the allegations contained in paragraphs 1 through 35 as if fully restated herein.

37. Plaintiff was being held in the Lorain County Jail and was struck and physically assaulted by Defendant Atkinson and Defendants John/Jane Doe Corrections Officers.

38. Defendant Atkinson and Defendants John/Jane Doe Corrections Officers' conduct had a great probability of causing substantial harm to Plaintiff.

39. As a direct and proximate result of Defendant Atkinson and Defendants John/Jane Doe Corrections Officers' negligent and/or intentional conduct set forth above, Plaintiff was caused to

incur severe physical and mental injuries, including head injuries and neurological damage, physical and mental pain and suffering, impaired hearing capacity, medical, paramedical and therapeutic and other damages.

40. Plaintiff's injuries are ongoing and permanent in nature, as a result of Defendant Atkinson and Defendants John/Jane Doe Corrections Officers' conduct.

## SECOND CAUSE OF ACTION - 42 U.S.C. § 1983 EXCESSIVE FORCE

41. Plaintiff restates and reavers the allegations contained in paragraphs 1 through 40 as if fully restated herein.

42. Defendant Atkinson and Defendant John/Jane Doe Corrections Officers, by applying force maliciously and sadistically to cause harm, not in a good faith effort to maintain or restore order, while acting under the color of law, deprived Plaintiff of rights, privileges, and immunities secured to him by United States Constitution, including the prohibition on cruel and unusual punishment contained in the Eighth Amendment to the United States Constitution.

43. Defendant Atkinson and Defendant John/Jane Doe Corrections Officers intentionally inflicted upon Plaintiff injuries that caused serious bodily harm when they struck him about his body and placed him in a choke hold, rendering him unconscious.

44. Defendant Atkinson and Defendant John/Jane Doe Corrections Officers's unlawful assault and excessive use of force went beyond any force necessary.

45. Plaintiff was injured as a result of Defendant Atkinson and Defendant John/Jane Doe Corrections Officers s unlawful assault and excessive use of force.

46. Plaintiff is entitled to damages based on Defendant Atkinson and Defendant John/Jane Doe Corrections Officers' unlawful and unconstitutional actions that led to physical and psychological injuries.

### THIRD CAUSE OF ACTION - 42 U.S.C. § 1983 FAILURE TO PREVENT EXCESSIVE FORCE

47. Plaintiff restates and reavers the allegations contained in paragraphs 1 through 46 as if fully restated herein.

48. Defendant John/Jane Doe Corrections Officers are liable for observing the obvious use of unnecessary and excessive force by Defendant Atkinson and failing to prevent such force when he/she had an opportunity and meant to prevent the risk of harm from occurring.

49. Defendant John/Jane Doe Corrections Officers, by failing to protect Plaintiff while acting under the color of state law, subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.

50. Plaintiff was damaged by Defendant Atkinson and Defendant John/Jane Doe Corrections Officers' failure to act in preventing the excessive use of force and such damages would not have happened if Defendant John/Jane Doe Corrections Officers intervened as his/her duty demanded to prevent the unlawful use of force.

51. Defendants' actions were malicious, willful, wanton and in a conscious disregard of Plaintiff's rights under the law rending them liable for punitive damages.

## FOURTH CAUSE OF ACTION - 42 U.S.C. §1983 FAILURE TO TRAIN

52. Plaintiff restates and reavers the allegations contained in paragraphs 1 through 51 as if fully restated herein.

53. Defendants Lorain County Sheriffs Department and Lorain County Jail have a documented history of failing to train its personnel.

54. Defendants Lorain County Sheriffs Department and Lorain County Jail have a pattern of conduct for failing to train its personnel.

55. Defendants Lorain County Sheriffs Department and Lorain County Jail failed to provide proper training for their personnel thereby resulting in the violation of Plaintiff's constitutional rights as described herein.

56. Defendants Lorain County Sheriffs Department and Lorain County Jail failed to promulgate policies, plans, and procedures designed to protect the civil rights of the persons who come in contact with its officers thereby resulting in violations of Plaintiff's constitutional rights as described herein.

## FIFTH CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Plaintiff restates and reavers the allegations contained in paragraphs 1 through 57 as if fully restated herein.

58. Defendant Atkinson and Defendant John/Jane Doe Corrections Officers, through their aforementioned conduct above, intended to cause severe emotional distress to Plaintiff and know

or should have known that his unprovoked assault and battery would result in emotional distress to Plaintiff.

59. As a result of Defendant Atkinson and Defendant John/Jane Doe Corrections Officers conduct, Plaintiff suffered severe emotional distress.

### SIXTH CAUSE OF ACTION - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

60. Plaintiff restates and reavers the allegations contained in paragraphs 1 through 59 as if fully restated herein.

61. Defendants Atkinson and Defendant John/Jane Doe Corrections Officers' owed Plaintiff a duty of care to act as an ordinary and reasonable and prudent person under the circumstances at issue at the Lorain County Jail.

62. Defendant Atkinson and Defendant John/Jane Doe Corrections Officers' breached that duty of care owed to Plaintiff by willfully assaulting him, causing him extreme mental distress..

63. As a result of Defendant Atkinson and Defendant John/Jane Doe Corrections Officers' conduct, Plaintiff suffered and debilitating emotional distress and injury.

### DAMAGES

WHEREFORE, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

A. An award in excess of $150,000.00 in compensatory damages against each Defendant pursuant to each count;

B. An award in excess of $150,000.00 in punitive damages against each of the individual Defendants for the willful and wanton disregard of the rights of Plaintiff.

C. Costs, interest, attorney fees, and such other relief as this Court deems just and proper.

Respectfully submitted,

*/S/ Brett F. Murner*
BRETT F. MURNER (0074363)
*Attorney for Plaintiff*
116 W. Herrick Ave.
Wellington, OH 44090
Phone: (440) 647-9505
Fax:  (440) 647-9506
Email: brett@murnerlaw.com

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues raised in the herein action comprised of the maximum number of jurors permitted by law.

*/S/ Brett F. Murner*
BRETT F. MURNER
*Attorney for Plaintiff.*